Dear Senate Ford,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
May an area vocational-technical school district enter into anarrangement in which the district agrees to accept tuitionpayment by credit card and all fees for payment by credit cardare charged to the cardholder?
¶ 1 The answer to your question requires both an examination of the legal framework within which vocational-technical schools exist and an evaluation of the powers granted to their governing boards.
¶ 2 The creation of area school districts for vocational-technical schools is authorized by Article X, Section 9B(A) of the Oklahoma Constitution. The area school districts are to be established and governed in accordance with the criteria and procedures prescribed by the State Board of Vocational and Technical Education ("State Board"), except where the Legislature has provided otherwise. Article X, Section 9B(D); 70 O.S.14-108(A) (1989). Administrative control of each district is "vested in a school board which shall be constituted and empowered as provided for by law for school boards of independent school districts." article X, Section 9B(A). Thus, in each area school district, the local board operates the district's vocational-technical schools, subject to the overriding supervision of the State Board and any applicable statutory provisions.
¶ 3 The districts are empowered to act pursuant to 70 O.S.14-108(B) (1989). Section 14-108(B) provides that area vocational-technical school districts are "corporate" bodies which are endowed with the "usual powers of a corporation for public purposes." The statute specifies that these powers include the power to sue and be sued, the power to hold title to real and personal property, and the power to contract. 70 O.S.14-108(B) (1989).
¶ 4 We recognize that, in general terms, the acceptance of payment by a bank credit card is the result of a contract (the seller of goods or services agrees to accept payment from the issuer of the card rather than the cardholder and the issuer agrees to reimburse the seller for the purchases made by its cardholder). See generally, 2 H. Alperin R. Chase, ConsumerLaw 341 (1986); Brandel Leonard, Bank Charge Cards: New Cashor New Credit? 69 Mich.L.Rev. 1033 (1971). In the present context, an arrangement between the board of an area vocational-technical school district and a credit card issuer whereby the district agrees to accept tuition payments by credit card and the issuer agrees to reimburse the district for tuition charges made by its cardholders is likewise a contract. Acceptance of payment by credit card from the student/cardholder merely represents the operation of the contract.
¶ 5 Because 70 O.S. 14-108(B) (1989) specifically grants area vocational-technical school districts a general power to contract, districts are authorized to enter into agreements relating to their educational function. Given that the area districts are expressly granted the power to charge tuition to students, 70 O.S. 14-108(B) (1989), we consider that the specific authorization to enter into an agreement to allow the acceptance of tuition payment by credit card may fairly be inferred from the general grant of the power to contract. Moreover, the power to enter into a contract to accept payment by credit card may properly be considered to fall within the scope of the "usual powers of a corporation for public purposes." Therefore, area vocational-technical school districts are empowered to enter into agreements to accept the payment of tuition by credit card in which all fees are charged to the cardholder, unless the arrangement is prohibited by some statutory provision or State Board rule.[1]
¶ 6 Our review of the germane statutes does not reveal any provision restricting the method of payment of tuition for vocational-technical education. 70 O.S. Section 14-108[70-14-108](B) of title 70 authorizes the local boards to collect tuition fees from nonresident students; 70 O.S. 14-105 (1989) authorizes the State Board to charge tuition fees to other students. However, no statute directly addresses the method of payment of these tuition charges.
¶ 7 The rules promulgated by the State Board are similarly lacking in restrictions on the method of payment of tuition. Rule 300.12 of the Rules and Regulations of the State Board ofVocational and Technical Education (1989) permits area school districts to charge tuition to various categories of students, but does not address the manner in which this tuition must be paid.
¶ 8 In the absence of any rule or statute prohibiting such an arrangement, this office concludes that an area vocational-technical school may enter into an agreement of the type described in your question.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that pursuant to 70 O.S. 14-108(B) (1989), an areavocational technical school district may enter into an agreementto accept tuition payment by credit card in which all fees forpayment by credit card are charged to the cardholder.
ROBERT H. HENRY Attorney General of Oklahoma
K.W. Johnston Assistant Attorney General
[1] The situation presented in your request does not involve any "discount" of the tuition paid; rather, the usual "discount" percentage is charged back to the cardholder. Accordingly, this opinion expresses no view on the authority of an area vocational-technical school district to enter into an agreement in which the state bears the "discount" charge.